**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

LOUIS M. LUPO,                                              *

    *Plaintiff,*                                          *

v.                                                                    *          Case No. 8:14-cv-00475-DKC

JPMORGAN CHASE BANK, N.A., *et al.,*          *

    *Defendants.*                                        *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MOTION TO EXTEND TIME

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, moves to extend its time for responding to the complaint in this lawsuit to no later than April 11, 2014, and for its reasons states:

1.      Plaintiff Louis M. Lupo filed this case on February 19, 2014, and served the Chase Defendants on or about February 21, 2014. ECF Nos. 1 and 4.

2.      Chase is required to file its responsive pleading no later than March 14, 2014. Fed. R. Civ. P. 12(a)(1)(A)(i).

3.      The Complaint involves alleged communications between the Plaintiff and Chase, which relate to a loan that is not now serviced by Chase.

4.      First, Chase must identify and analyze its records of the communications at issue, and provide those records to counsel. Chase has advised counsel that the records are stored off-site and that they will not be available until approximately March 24, 2014.

5.      Second, the 20-count Complaint relates to a foreclosure of a Texas property and implicates complex questions involving choice of law principles, and the interpretation of several Maryland and federal statutes. The issue of which law applies is far from obvious, as is the applicability of Maryland statutes to a loan made in Texas and secured by a property located there.

6.      Fed. R. Civ. P. 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made [] before the original time . . . has expired."

7.      Local Rule 105.9 provides that counsel should try to obtain the consent to an extension of time from an unrepresented opposing party. Counsel for Chase requested the Plaintiff to consent to a 14-day extension of its answer deadline, but the Plaintiff would consent only to a 7-day extension, which does not provide Chase with sufficient time to prepare a response. Since counsel for Chase requested a 14-day extension from the Plaintiff, Chase advised counsel that the documents are stored off-site and will not be available until approximately March 24, 2014. Counsel for co-defendant Specialized Loan Servicing, LLC has consented to the requested extension.  A four-week extension of time will not prejudice any other party to this lawsuit.

WHEREFORE, Chase, upon a showing of good cause, requests an extension to its deadline for filing a responsive pleading to no later than April 11, 2014.

Respectfully submitted,

SIMCOX AND BARCLAY, LLP

By:      _____/s/_____
John S. Simcox
Federal Bar No. 02553
jss@simcoxandbarclay.com

**[SIGNATURE BLOCK CONTINUED ON FOLLOWING PAGE]**

By: _____/s/_____
Chad King
Federal Bar No. 16888
cking@simcoxandbarclay.com
Simcox and Barclay, LLP
888 Bestgate Road, Suite 313
Annapolis, Maryland 21401
Tel.:   (410) 266-0610
Fax:    (410) 266-0813
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March, 2014, a copy of Defendant JPMorgan Chase Bank, N.A.'s Motion to Extend Time and Proposed Order were served *via* U.S. first class mail, postage prepaid, on the following:

Louis M. Lupo
545 Elmcroft Boulevard, Apt. 10213
Rockville, Maryland 20850
      *Plaintiff, pro se*

and a copy of the foregoing Motion to Extend Time and Proposed Order were served via this court's electronic filing system on:

Aaron D. Neal, Esq.
McNamee, Hosea, Jernigan, Kim,
  Greenan & Lynch, P.A.
6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
      *Attorney for Defendant*
      *Specialized Loan Servicing, LLC*

_____/s/_____
Chad King