**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | | |
|---|---|---|
| LOUIS M. LUPO, | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 8:14-cv-00475-DKC |
| JPMORGAN CHASE BANK, N.A., *et al.*, | * | |
| *Defendants.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**JPMORGAN CHASE BANK, N.A.'s
ANSWER TO AMENDED COMPLAINT**

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, answers the Amended Complaint as follows:

**Responding to Averments in the Complaint**

1.　　Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 1 of the Amended Complaint.

2.　　Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 2 of the Amended Complaint.

3.　　Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 3 of the Amended Complaint.

4.　　Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 4 of the Amended Complaint.

5.　　Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 5 of the Amended Complaint.

6.      Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 6 of the Amended Complaint.

7.      Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 7 of the Amended Complaint.

8.      Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 8 of the Amended Complaint.

9.      Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 9 of the Amended Complaint.

10.      Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 10 of the Amended Complaint.

11.      Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 11 of the Amended Complaint.

12.      Chase admits the truth of the averments in Paragraph 12 of the Amended Complaint that it is a national banking association; that it originated and formerly serviced the loan at issue; and that it conducts business in Maryland. Chase denies that its principal place of business is in New York and notes that its principal place of business is in Columbus, Ohio.

13.      Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 13 of the Amended Complaint.

14.      Chase denies the truth of the averment in Paragraph 14 of the Amended Complaint.

15.      Paragraph 15 of the Amended Complaint is a legal contention to which no response is required.

16.     Paragraph 16 of the Amended Complaint contains conclusory averments and legal contention to which no responses are required.

17.     Paragraph 17 of the Amended Complaint contains conclusory averments and legal contention to which no responses are required.

18.     Paragraph 18 of the Amended Complaint contains conclusory averments and legal contention to which no responses are required.

19.     Paragraph 19 of the Amended Complaint contains conclusory averments and legal contention to which no responses are required.

20.     Paragraph 20 of the Amended Complaint contains conclusory averments and legal contention to which no responses are required.

21.     Paragraph 21 of the Amended Complaint contains conclusory averments and legal contention to which no responses are required.

22.     Paragraph 22 of the Amended Complaint contains conclusory averments and legal contention to which no responses are required.

23.     Paragraph 23 of the Amended Complaint is a legal contention to which no response is required.

24.     Paragraph 24 of the Amended Complaint is a legal contention to which no response is required.

25.     Chase denies the truth of the averment in Paragraph 25 of the Amended Complaint.

26.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 26 of the Amended Complaint.

27.     Chase denies the truth of the averments in Paragraph 27 of the Amended Complaint.

28.     Paragraph 28 of the Amended Complaint is a legal contention to which no response is required.

29.     Paragraph 29 of the Amended Complaint is a legal contention to which no response is required.

30.     Paragraph 30 of the Amended Complaint is a legal contention to which no response is required.

31.     Chase admits the truth of the averments of Paragraph 31 of the Amended Complaint, but notes that the document referred to speaks for itself.

32.     Paragraph 32 of the Amended Complaint is a legal contention to which no response is required.

33.     Chase admits the truth of the averments of Paragraph 33 of the Amended Complaint.

34.     The document referred to in Paragraph 34 of the Amended Complaint speaks for itself.

35.     The document referred to in Paragraph 35 of the Amended Complaint speaks for itself.

36.     The document referred to in Paragraph 36 of the Amended Complaint speaks for itself.

37.     Chase denies the truth of the averment of Paragraph 37 of the Amended Complaint.

38.     Chase denies the truth of the averment of Paragraph 38 of the Amended Complaint.

39.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 39 of the Amended Complaint.

40.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 40 of the Amended Complaint.

41.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 41 of the Amended Complaint.

42.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 42 of the Amended Complaint.

43.     Chase denies the truth of the averment of Paragraph 43 of the Amended Complaint.

44.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 44 of the Amended Complaint.

45.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 45 of the Amended Complaint.

46.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 46 of the Amended Complaint.

47.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 47 of the Amended Complaint.

48.     Chase denies the truth of the averment of Paragraph 48 of the Amended Complaint.

49.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 49 of the Amended Complaint.

50.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 50 of the Amended Complaint.

51.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 51 of the Amended Complaint.

52.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 52 of the Amended Complaint.

53.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 53 of the Amended Complaint.

54.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 54 of the Amended Complaint.

55.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 55 of the Amended Complaint about the number of times that Lupo telephoned Chase, but admits that Lupo requested that Chase no longer manage his escrow account.

56.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 56 of the Amended Complaint.

57.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 57 of the Amended Complaint.

58.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 58 of the Amended Complaint.

59.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 59 of the Amended Complaint.

60.     Chase admits the truth of the averment of Paragraph 60 of the Amended Complaint.

61.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 61 of the Amended Complaint.

62.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 62 of the Amended Complaint.

63.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 63 of the Amended Complaint.

64.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 64 of the Amended Complaint.

65.     Chase admits the truth of the averments of Paragraph 65 of the Amended Complaint.

66.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 66 of the Amended Complaint.

67.     Chase admits the truth of the averments of Paragraph 67 of the Amended Complaint.

68.     Chase admits the truth of the averments of Paragraph 68 of the Amended Complaint.

69.     Chase admits the truth of the averment of Paragraph 69 of the Amended Complaint that Lupo's escrow payment would increase to $978.48 effective May 1, 2012, but notes that the escrow analysis was dated February 24, 2012.

70.     Chase denies the truth of the averment of Paragraph 70 of the Amended Complaint that Lupo's usual escrow forecast averaged $460 per month.

71.     Chase denies the truth of the averment of Paragraph 71, and notes that the Tarrant County, Texas tax-collector's website indicates that Lupo's property taxes increased from $2,279.73 in 2010 to $5,057.49 in 2012.

72.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 72 of the Amended Complaint.

73.      Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 73 of the Amended Complaint.

74.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 74 of the Amended Complaint.

75.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 75 of the Amended Complaint.

76.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 76 of the Amended Complaint.

77.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 77 of the Amended Complaint.

78.     There is no Paragraph 78 in the Amended Complaint.

79.     Chase admits the truth of the averments of Paragraph 79 of the Amended Complaint, but notes that Mr. Dimon is the Chair of Chase's parent company and is not an employee of Chase.

80.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 80 of the Amended Complaint.

81.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 81 of the Amended Complaint.

82.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 82 of the Amended Complaint.

83.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 83 of the Amended Complaint.

84.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 84 of the Amended Complaint.

85.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 85 of the Amended Complaint.

86.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 86 of the Amended Complaint.

87.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 87 of the Amended Complaint.

88.     There is no Paragraph 88 in the Amended Complaint.

89.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 89 of the Amended Complaint.

90.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 90 of the Amended Complaint.

91.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 91 of the Amended Complaint.

92.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 92 of the Amended Complaint.

93.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 93 of the Amended Complaint.

94.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 94 of the Amended Complaint.

95.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 95 of the Amended Complaint.

96.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 96 of the Amended Complaint.

97.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 97 of the Amended Complaint.

98.     Chase denies the truth of the averment of Paragraph 98 of the Amended Complaint.

99.     Chase denies the truth of the averments of Paragraph 99 of the Amended Complaint, but admits that Lupo memorialized his recollection of the April 9, 2013 phone conversation in a letter dated April 15, 2013.

100.    There is no Paragraph 100 in the Amended Complaint.

101.    Chase admits the truth of the averments of Paragraph 101 of the Amended Complaint that it mailed a letter to Lupo on April 17, 2013, that responded to his March 21, 2013 letter to Mr. Dimon.

102.    Chase denies the truth of the averments of Paragraph 102 of the Amended Complaint.

103.    The document referred to in Paragraph 103 of the Amended Complaint speaks for itself.

104.    Chase denies the truth of the averments of Paragraph 104 of the Amended Complaint, and notes that payments were applied in accordance with the loan documents.

105.    The document referred to in Paragraph 105 of the Amended Complaint speaks for itself.

106.    The document referred to in Paragraph 106 of the Amended Complaint speaks for itself.

107.    The document referred to in Paragraph 107 of the Amended Complaint speaks for itself.[1]

108.    The document referred to in Paragraph 108 of the Amended Complaint speaks for itself.[2]

109.    Chase denies the truth of the averment of Paragraph 109 of the Amended Complaint, and notes that the fees resulted from Lupo's payment default.

110.    The document referred to in Paragraph 110 of the Amended Complaint speaks for itself.

111.    The document referred to in Paragraph 111 of the Amended Complaint speaks for itself.

112.    The document referred to in Paragraph 112 of the Amended Complaint speaks for itself.

113.    The document referred to in Paragraph 113 of the Amended Complaint speaks for itself.

114.    The document referred to in Paragraph 114 of the Amended Complaint speaks for itself.

---

[1] Chase assumes that the Amended Complaint intended to refer to the April 17, 2013 letter.
[2] Chase assumes that the Amended Complaint intended to refer to the April 17, 2013 letter.

115.    The document referred to in Paragraph 115 of the Amended Complaint speaks for itself.

116.    The document referred to in Paragraph 116 of the Amended Complaint speaks for itself.

117.    The document referred to in Paragraph 117 of the Amended Complaint speaks for itself.

118.    Chase denies the truth of the averment of Paragraph 118 of the Amended Complaint, and notes that the document referred to speaks for itself.

119.    Paragraph 119 of the Amended Complaint is a legal contention to which no response is required.

120.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 120 of the Amended Complaint.

121.    The document referred to in Paragraph 121 of the Amended Complaint speaks for itself.

122.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 122 of the Amended Complaint.

123.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 123 of the Amended Complaint.

124.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 124 of the Amended Complaint.

125.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 125 of the Amended Complaint.

126.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 126 of the Amended Complaint.

127.    Chase denies the truth of the averment of Paragraph 127 of the Amended Complaint.

128.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 128 of the Amended Complaint.

129.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 129 of the Amended Complaint.

130.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 130 of the Amended Complaint.

131.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 131 of the Amended Complaint.

132.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 132 of the Amended Complaint.

133.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 133 of the Amended Complaint.

134.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 134 of the Amended Complaint.

135.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 135 of the Amended Complaint.

136.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 136 of the Amended Complaint.

137.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 137 of the Amended Complaint.

138.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 138 of the Amended Complaint.

139.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 139 of the Amended Complaint.

140.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 140 of the Amended Complaint.

141.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 141 of the Amended Complaint.

142.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 142 of the Amended Complaint.

143.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 143 of the Amended Complaint.

144.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 144 of the Amended Complaint.

145.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 145 of the Amended Complaint.

146.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 146 of the Amended Complaint.

147.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 147 of the Amended Complaint.

148.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 148 of the Amended Complaint.

149.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 149 of the Amended Complaint.

150.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 150 of the Amended Complaint.

151.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 151 of the Amended Complaint.

152.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 152 of the Amended Complaint.

153.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 153 of the Amended Complaint.

154.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 154 of the Amended Complaint.

155.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 155 of the Amended Complaint.

156.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 156 of the Amended Complaint.

157.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 157 of the Amended Complaint.

158.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 158 of the Amended Complaint.

159.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 159 of the Amended Complaint.

160.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 160 of the Amended Complaint.

161.     Chase denies the averment in Paragraph 161 of the Amended Complaint that it failed to conduct the investigation requested by Lupo, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments.

162.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 162 of the Amended Complaint.

163.     Chase denies the averment in Paragraph 163 of the Amended Complaint that it made an erroneous report to the credit reporting agencies, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments.

164.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 164 of the Amended Complaint.

165.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 165 of the Amended Complaint.

166.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 166 of the Amended Complaint.

167.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 167 of the Amended Complaint.

168.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 168 of the Amended Complaint.

169.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 169 of the Amended Complaint.

170.     Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 170 of the Amended Complaint.

171.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 171 of the Amended Complaint.

172.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 172 of the Amended Complaint.

173.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 173 of the Amended Complaint.

174.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 174 of the Amended Complaint.

175.    Chase denies the averment in Paragraph 175 of the Amended Complaint that it made an erroneous report to the credit reporting agencies, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments.

176.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 176 of the Amended Complaint.

177.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 177 of the Amended Complaint.

178.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 178 of the Amended Complaint.

179.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 179 of the Amended Complaint.

180.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 180 of the Amended Complaint.

181.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 181 of the Amended Complaint.

182.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 182 of the Amended Complaint.

183.    Chase lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 183 of the Amended Complaint.

## General Denial

184.    Chase generally denies each and every allegation of the Amended Complaint that has not otherwise been expressly admitted above.

## Affirmative Defenses

185.    The Amended Complaint fails to state a claim upon which relief can be granted.

186.    Chase properly accounted for the payments that it received from Lupo, but Lupo failed to make the payments in the amount set forth in various escrow analyses that were provided to him.

187.    Chase has, at all material times, acted in good faith and complied fully with applicable state and federal laws.

188.    Chase is not responsible for the actions of third parties, including, but not limited to, SLS.

WHEREFORE, having fully answered the Complaint filed against it in the above-captioned matter, Chase demands judgment dismissing the Complaint, with prejudice, and awarding Chase such additional relief as this Court deems just and proper.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully submitted,

SIMCOX AND BARCLAY, LLP

By:        /s/
     JOHN S. SIMCOX
     jss@simcoxandbarclay.com

By:        /s/
     CHAD KING
     cking@simcoxandbarclay.com
     Simcox and Barclay, LLP
     888 Bestgate Road, Suite 313
     Annapolis, Maryland 21401
     Tel.:   410-266-0610
     Fax:   410-266-0813
     *Attorneys for Defendant*
     *JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April, 2014, a copy of JPMorgan Chase Bank, N.A.'s Answer to Amended Complaint was served *via* U.S. first class mail, postage prepaid, on the following:

Louis M. Lupo
545 Elmcroft Boulevard, Apt. 10213
Rockville, Maryland 20850
     *Plaintiff, pro se*

and a copy of the foregoing JPMorgan Chase Bank, N.A.'s Answer to Amended Complaint was served via this court's electronic filing system on:

Aaron D. Neal, Esq.
McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.
6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
     *Attorney for Defendant*
     *Specialized Loan Servicing, LLC*

                  /s/
                  Chad King