IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| **Louis M. Lupo** | : | |
| Plaintiff | : | |
| v. | : | Case No.: 8:14-cv-00475-DKC |
| **JPMorgan Chase Bank, N.A.,** *et al.* | : | |
| Defendants | : | |

### SPECIALIZED LOAN SERVICING, LLC'S REPY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR TRANSFER

One of the Defendants, Specialized Loan Servicing, LLC ("SLS"), by and through its attorneys, Aaron D. Neal, and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., submits this Memorandum in support of its motion to dismiss and/or transfer the Plaintiff's Amended Complaint and says:

**I.   OVERVIEW.**

This case relates to the foreclosure of a mortgage loan encumbering Plaintiff's home in Texas.  SLS moved to transfer this action to Texas, where it belongs.  In response to SLS's motion to dismiss and/or transfer the Plaintiff's amended complaint, Plaintiff simply reiterates or incorporates by reference the arguments made in his opposition to the motion to dismiss and/or transfer that was directed at the original complaint.  Plaintiff also attempts to combine venue and *in rem* jurisdiction into a single argument.  Whether Maryland is the convenient venue for this case is entirely separate from the issue of whether this Court has *in rem* jurisdiction to adjudicate the portions of the Plaintiff's claims that relate to his home in Texas.

1

II.     ARGUMENT.

     A.     SLS'S MOTION IS NOT ONE FOR RECONSIDERATION.

Plaintiff makes much of the argument that SLS's motion is for reconsideration of its initial motion to stay and dismiss, positing that the denial of the first motion somehow precludes a second motion under the law of the case doctrine. Plaintiff ignores the fact that SLS's motion was denied as **moot** due to the Plaintiff's filing of an Amended Complaint, not on the merits. ECF No. 17 at p.2. The Amended Complaint [ECF No. 18] is an entirely new pleading which supplants and replaces the original complaint. SLS's motion to dismiss the Amended Complaint is the first paper addressing that pleading and thus cannot be a motion for reconsideration of the original motion to dismiss, which was directed at a now non-existent pleading. Reed v. Airtrain Airways, 531 F.Supp.2d 660, 665 (D. Md. 2008); Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 705 fn. 2 (1982). Furthermore, as the Court did not decide the original motion to dismiss and/or transfer on the merits, the law of the case doctrine does not apply. U.S. V. Hatter, 532 U.S. 557, 566 (2001). As such, the Plaintiff's argument that the issue of dismissal or transfer has already been decided is entirely meritless.

     B.     SLS HAS ADEQUATELY ADDRESSED PLAINTIFF'S RULE 12(B)(6) ARGUMENTS IN ITS FIRST AND SECOND MOTIONS TO DISMISS.

Plaintiff's arguments in opposition to the substantive motion to dismiss under Rule 12(b)(6) have already been sufficiently addressed in SLS's first [ECF No. 7] and second [ECF No. 19] motions to dismiss and/or transfer. As such SLS relies on and incorporates herein by reference the arguments made therein.

C.     THIS COURT DOES NOT HAVE *IN REM* JURISDICTION.

Plaintiff seeks a constructive trust and to enjoin foreclosure proceedings pending in Texas. Plaintiff admitted that he is seeking to affect title to the Property in his notice of *lis pendens*. ECF No. 19-2 at p.5. It is without question that a constructive trust is an *in rem* form of relief that directly affects title. Stewart Title Guar. Co. v. Sanford Title Services, LLC, 2011 WL 2681196, *8 (D. Md. 2011); *See* McGowen v. Montgomery, 248 S.W.2d 789, 791 (Tex. 1952); Wimmer v. Wimmer, 287 Md. 663, 668 (1980); Meadows v. Bierschwale, 516 S.W.2d 125, 131-32 (Tex. 1974). "Actions *in rem* are prosecuted to enforce a right to *things*… [whereas] actions *in personam* are those in which an *individual* is charged personally." The Sabine, 101 U.S. 384, 388 (1879) (emphasis added). *In rem* jurisdiction is predicated on the principle that each district "possesses exclusive jurisdiction and sovereignty over persons and property within its territory." R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 957 (4th Cir. 1999).

In an action involving *in rem* relief, the court must, at least initially, have control over the *res* in dispute. Vitol, S.A. v. Primerose Shipping Co. Ltd., 708 F.3d 527, 540-41 (4th Cir. 2013); *See* Republic National Bank of Miami v. United States, 506 U.S. 80 (1992). "[B]ecause the exercise of *in rem* jurisdiction depends on the court's exercise of exclusive custody and control over the *res*, the limits of *in rem* jurisdiction, as traditionally understood, are defined by the effective limits of sovereignty itself." R.M.S. Titanic, 171 F.3d at 965. In order to exercise *in rem* jurisdiction over property, the property must be located within the district in which the *in rem* complaint is filed. Id. at 964; *See* Darlak v. Columbus-America Discovery Group, Inc., 59 F.3d 20, 22-23 (4th Cir. 1995); The Brig Ann, 13 U.S. (9 Cranch) 289 (1815); Platoro Ltd., Inc. v. The Unidentified Remains of a Vessel, 695 F.2d 893 (5th Cir. 1983); Fed. R. Civ. P. Supp. R. E(3). The *res* in this case, the Property, is not within the jurisdiction of this Court. As such, this

Court does not have *in rem* jurisdiction to impose a trust on the Property or to enjoin proceedings regarding the Property that are pending in Texas. Quite simply, this case can only be fully litigated in Texas and must be transferred to that District.

> D. THIS CASE MUST BE TRANSFERRED TO TEXAS ON FORUM *NON CONVENIENS* GROUNDS.

In Plaintiff's Opposition [ECF No. 22], he makes no new arguments in response to SLS's request for transfer on forum *non conveniens* grounds. As such, Plaintiff's arguments in opposition to the motion to transfer on inconvenient venue grounds have already been sufficiently addressed in SLS's first [ECF No. 7] and second [ECF No. 19] motions to dismiss and/or transfer, and the arguments made therein are incorporated herein by reference.

### III. CONCLUSION.

For the aforementioned reasons, this matter must be transferred to the US District Court for the Northern District of Texas, or in the alternative, the entire Amended Complaint must be dismissed as to SLS.

Respectfully submitted,

McNamee, Hosea, Jernigan, Kim,
Greenan & Lynch, P.A.

 /s/  Aaron D. Neal
Aaron D. Neal (Bar No. 28566)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
Tel.    301-441-2420
Fax    301-982-9450
aneal@mhlawyers.com

*Attorneys for SLS*

**Certificate of Service**

I hereby certify that on this 16th day of April, 2014, copies of the foregoing paper were filed via CM/ECF and served electronically on:

Chad King, Esq.

John S. Simcox, Esq.

And via first class mail on:

Louis M. Lupo
545 Elmcroft Boulevard, Apt. 10213
Rockville, Maryland 20850

      /s/  Aaron D. Neal
      Aaron D. Neal