IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| LOUIS M. LUPO, | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 8:14-cv-00475-DKC |
| JPMORGAN CHASE BANK, N.A., *et al.*, | * | |
| *Defendants.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**JPMORGAN CHASE BANK, N.A.'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, submits this reply to "Plaintiff's Verified Motion in Response to Defendant Chase's Motion for Summary Judgment to Defer Decision Upon or Deny Without Prejudice the Summary Judgment Motion Pending the Court's Disposition of the Motion to Dismiss filed by Defendant SLS or, in the Alternative, for an Order Pursuant to Fed. R. Civ. P. 56(d)(1) to Defer Decision or Deny the Motion Without Prejudice Pending Discovery" (the "Opposition"). The short story is that Plaintiff has not established a genuine issue as to any material fact relating to Chase's Motion for Summary Judgment (the "Motion") and the issues into which Plaintiff contends he requires discovery have absolutely nothing whatsoever to do with creating a genuine issue as to any fact material to the Motion. The bottom line is that Chase properly billed the Plaintiff and the Plaintiff's refusal to make the required payments led to his present predicament. There is no genuine dispute as to any material fact and Chase is entitled to judgment as a matter of law.

1.   Despite the Plaintiff's efforts to muddy the water, this case is straightforward. The Plaintiff's entire case is based upon his erroneous belief that he has made all of his loan payments in full

and on time. In reality, the Plaintiff did not make a single payment in full and on time after the payment which was due on April 1, 2012. The Plaintiff went into default on May 1, 2012, and has since been in default at all times. His default, and his mistakenly and unreasonably held belief that he was not in default, led to all of the damages that he believes he has suffered.

2. Rather than to establish the existence of a genuine dispute as to any material facts, the Plaintiff has instead elected not to contest, or even to identify, the material facts established by Chase in the Motion. Instead, he purports to be proceeding under Fed. R. Civ, P. 56(d), which permits the movant to conduct discovery necessary to oppose a motion for summary judgment. However, as explained in the Motion, Rule 56(d) applies only when "the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." ECF No. 24-1 at 8. As this Court has held, "a nonmovant must provide 'a reasonable basis to suggest that [the requested] discovery would reveal triable issues of fact'" in order for such a request to be granted." *Agelli v. Sebilius*, Case No. DKC-13-497, 2014 WL 347630 at \*9 (D.Md., Jan. 30, 2014) (quoting *McWay v. LaHood*, 269 F.R.D. 35, 38 (D.D.C. 2010)).

3. The first step to determine whether a Rule 56(d) motion is appropriate is to identify the facts upon which the Motion was predicated. Unless one of the ponds in which the Plaintiff wishes to fish "would reveal triable issues of fact," the Rule 56(d) motion should be denied. *Id.*

4. Moreover, if the Rule 56(d) request is denied, the Plaintiff has failed to establish a genuine dispute as to any of the material facts upon which the Motion was based, and the Motion should be granted. Because the Plaintiff has not addressed any of the arguments made in the Motion as to why Chase is entitled to judgment, this Court may treat the claims that were addressed in the Motion as abandoned, and grant judgment on those claims. *See, c.f., Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772,

777 (D.Md. 2010) ("By [the plaintiff's] failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [the] claim."). Nowhere in the Opposition does the Plaintiff articulate why a genuine dispute exists as to any material fact. Therefore, this Court should treat those claims as abandoned and grant summary judgment to Chase.

5. The Complaint is based upon quicksand. The substance of each cause of action is the Plaintiff's erroneous belief that he has made all of his mortgage payments in full and on time. According to the Plaintiff, because he was current on his mortgage, Chase improperly believed that he had defaulted and, based upon the Plaintiff's default, erroneously reported him to the rating agencies as delinquent, which allegedly damaged the Plaintiff.

6. In particular, the Motion explains that:

- Counts 1-12 of the Complaint (which plead violations of the Real Estate Settlement Procedures Act) fail because, contrary to what the Plaintiff avers in the Complaint, he did not make a "qualified written request" to Chase. *See* discussion at ECF No. 24-1 at § V.A.

- Count 13 (which pleads a violation of the Fair Credit Reporting Act) fails because the Complaint does not aver that Chase received a notice of dispute from the credit reporting agency, as required by the Fair Credit Reporting Act. *See* discussion at *id.* at § V.B.

- Counts 14-20 (which plead violations of the Fair Debt Collection Practices Act), fail because Chase is not a "debt collector" under the Fair Debt Collection Act. *See* discussion at *id.* at § V.C.

- Count 21 (which pleads common law breach of contract) fails because the Payment History sent to the Plaintiff by Chase belies the Plaintiff's averment in the Complaint (ECF No. 18 at 24) that Chase breached the loan documents by "accepting payments from Plaintiff but fail[ed] to apply the payments to the interest and principal of the mortgage loan." *See* discussion at ECF No. 24-1 at § V.D.

- Count 22 (which pleads a common law breach of a duty of good faith and fair dealing) fails because no facts are pleaded that establish the elements under Maryland law of a breach of a duty of good faith and fair dealing. *See* discussion at *id.* at § V.E.

3

- Count 23 (which pleads common law defamation) fails because Chase properly reported the Plaintiff to the credit reporting agencies as delinquent on his mortgage loan. *See* discussion at *id.* at § V.F.

- Count 24 (which pleads common law tortious interference with economic relations) fails because Chase made a routine and factually accurate report of the Plaintiff's delinquency to the credit reporting agencies. *See* discussion at *id.* at § V.G.

- Count 25 (which pleads common law unjust enrichment) fails because the Plaintiff did not made his required payments. Chase received less—not more—than the Plaintiff was required to pay on his mortgage loan, and was therefore not enriched—let alone unjustly enriched. *See* discussion at *id.* at § V.H.

- Counts 26-28 (which plead violations of Maryland's Consumer Debt Collection Act, Consumer Protection Act, and Mortgage Fraud Protection Act) fail because the Plaintiff was, in fact, in default, and the Plaintiff failed to state any damages resulting from alleged misstatements by Chase.

As will be explained, *infra,* none of the areas of inquiry identified by the Plaintiff in his Rule 56(d) affidavit will create a genuine dispute relating to any of the material facts relied upon by Chase in the Motion. Simply put, no amount of discovery can change the facts that:

- The Plaintiff was notified by Chase on February 24, 2012, that his monthly payment would increase to $2,020.80 on May 1, 2012. ECF No. 24-6 at 65.

- The increase in the Plaintiff's monthly payment was primarily due to the increase in his property taxes. ECF No. 19-3 at 1. ECF No. 24-1 at § III.

- The Plaintiff was informed of Chase's separate and exclusive address for qualified written requests immediately before and after his putative "QWRs" were sent to Chase in 2013. ECF Nos. 24-4 at 3 and 24-5 at 3.

- The Plaintiff's "QWRs" were dated March 21, 2013, and April 15, 2013 and neither was sent to the "separate and exclusive address" established by Chase for QWRs. ECF No. 24-3 at 2-3.

- The Plaintiff failed to make a complete and timely payment at any time after his April 1, 2012 payment was made on March 30, 2012, and has been in default at all times since May 2, 2012. ECF No. 24-6 at 27-42.

4

- No facts are pleaded that establish that Chase received a notice of dispute from Equifax. ECF No. 24-1 at § B.

- Chase is not a debt collector under the Fair Debt Collection Practices Act. ECF No. 18 at ¶¶ 65-66.

7. In ¶¶ 6-20 of his Rule 56(d) affidavit, the Plaintiff provides a game plan for unnecessary and burdensome discovery, all of which is irrelevant to the material facts set forth in ¶ 6, *supra*:

- ¶ 6: "The escrow audit trail (or audit log) for his mortgage loan from 2007 through current, including the electronic signatures within the audit trail." The Plaintiff could have established a genuine issue as to the fact that he was in default since May 2, 2012, by establishing that he made payments of $2,020.80 since then. To the contrary, he confirmed to Chase on April 15, 2013, that he continued to make payments of $1,501.58 through April 1, 2013. ECF No. 24-3 at 4. Because the Plaintiff confirms that he did not make the $2,020.80 payment beginning on May 1, 2012, he admits that he was in default and no further discovery is necessary on this point.

- ¶ 7: "The interest audit trail (or audit log) for his mortgage loan from 2007 to current showing when interest was paid and those periods for which interest on the principal balance accrued." The Plaintiff is in possession of the note evidencing his loan and the payment history of the loan. ECF No. 24-6. If he believes that interest was improperly calculated, he has all of the facts necessary to provide such an analysis. Moreover, as averred in the Complaint (ECF No. 18 at ¶¶ 69-71) and explained in the Motion, the dispute about the payment centers on escrow payments—rather than principal and interest. Finally, as Judge Russell has explained, the borrower is required to pay the amount billed and to use the tools provided by RESPA to iron out any differences of opinion as to the amount of the funds that should be escrowed. *Ervin v. JPMorgan Chase Bank, N.A.*, Case No. GLR-13-2080, 2014 WL 4052895 at *6 (D.Md., Aug. 13, 2014) (holding that "[e]ven if there was a dispute or actual error as to the escrow analysis, however, this dispute did not justify [the borrower's] decision to pay less than the full amount owed") (footnote omitted)).

- ¶ 8: "The audit trail (or audit log) from Chase's voice-activated phone system for telephone calls made from or to Plaintiff's telephone number, 202-290-4379, for the period 2011-2013, including the electronic signatures within the audit trail." As an initial matter, the Plaintiff was a party to all such calls and could have sworn an affidavit stating the content of those calls. More importantly, none of those calls have any information that would create a genuine issue as to any of the material facts upon which the Motion was based, nor has the Plaintiff explained in his Rule

5

56(d) affidavit how any information from those facts would create a genuine dispute as to a material fact.

- ¶ 9: "The audio recordings and/or the notes entered on his mortgage account by individuals in Chase's Loss Mitigation department, many of whom are named in the Verified Amended Complaint." This area of inquiry fails for the same reasons as does the inquiry set forth in ¶ 8. The Plaintiff already has actual knowledge of each such call and fails to explain how any information obtained would create a genuine dispute as to a material fact.

- ¶ 10: "The audit trail (or audit log) of Chase's mortgage service enterprise desk for account resolution, including the architecture or flowchart of its global telecom service for Plaintiff's servicing requests." The issue in this case is what the Plaintiff was told he needed to pay and whether the Plaintiff actually made the required payments—not Chase's "architecture or flowchart of its global telecom service." This request has nothing whatsoever to do with the facts relied upon by Chase in the Motion and clearly communicates that the Plaintiff's objective is attempt to impose burdensome and unnecessary discovery obligations on Chase.

- ¶ 11: "Chase['s] documented business process for rectifying errors in escrow." As explained above and in the Motion, Chase made no errors in the escrow account, nor did the Plaintiff submit a valid QWR inquiring into his alleged "errors." Nevertheless, Chase explained in extensive detail to the Plaintiff why he was mistaken in his belief that an error had occurred. ECF No. 24-6. Chase's process is not at issue in this case. What's at issue is whether the Plaintiff made his required mortgage payments. Nothing in this request could create a genuine issue as to any material fact relied upon in the Motion.

- ¶ 12: "The audit trail (or log) for inquiries made by Equifax to Chase requesting correction of Louis Lupo's credit report, including the electronic signatures within the audit trail." Nowhere in the Complaint does the Plaintiff allege that Chase received such a request from Equifax relating to the Plaintiff's account (which is an element of the Plaintiff's Fair Credit Reporting Act claim at Count 13). As this Court has held, "[i]t is well established that a plaintiff may not amend [the] complaint through argument in a brief opposing summary judgment, which is precisely the result that would obtain if the court permitted Plaintiff to take discovery of this newly raised issue." *Alexander v. U.S. Dept. of Veterans Affairs*, Case No. DKC-10-3168, 2012 WL 78874 at *8 (citations omitted). This Court has also stated that "[p]ermitting [the Plaintiff] to engage in the discovery he seeks would be akin to granting him a license to explore in the hope that he might uncover some new basis to justify [his] claim." *Betof v. Suburban Hosp., Inc.*, Case No. DKC-11-1452, 2012 WL 2564781 at *9 (D.Md., June 29, 2012).

- ¶ 13: "Audit trail and digital signatures for Chase's adverse electronic credit reporting system(s) for Louis M. Lupo's mortgage account." This request is deficient for the reasons set forth in response to ¶ 12, *supra*. In addition, the accuracy of the information reported by Chase is the issue, not "Chase's adverse electronic credit reporting system(s)." As explained in the Motion, the Plaintiff was in default when he was reported as such. Nothing in this request can change that simple fact.

- ¶ 14: "The COTS or customized accounting systems used for loss mitigation, and its interface either programmatic or manual to the Chase Customer Relationship Management System." The Plaintiff makes no effort to explain how this discovery would create a genuine issue of any material fact. Once again, the issue is the Plaintiff's failure to make his required mortgage payments—not Chase's business processes. Chase notes that the Plaintiff has not disputed the accuracy of Chase's escrow analyses or explained how his disagreement with the amount that he was required to pay excuses his failure to make such a payment.

- ¶ 15: "The document transferring the servicing of his loan to SLS." This document has nothing whatsoever to do with anything Chase did while it was the servicer of the loan at issue. In any event, the Complaint avers that "[o]n June 20, 2013, Defendant SLS mailed to Plaintiff Lupo a "Notice of Assignment, Sale, or Transfer of Servicing Rights" and quotes from that notice. ECF No. 18 at ¶¶ 129-134. Not only is this document in the Plaintiff's possession, it is irrelevant to any of the facts upon which the Motion is based.

- ¶ 16: "The history and/or records transferred to SLS at the same time as the document transferring servicing of Plaintiff's loan." The Motion relates exclusively to Chase's actions while it was the servicing agent of the Plaintiff's mortgage loan. The transfer of the servicing rights to SLS has nothing whatsoever to do with the allegations against Chase in the Complaint.

- ¶ 17: "The contract entered into between Chase and Defendant SLS for servicing of the Plaintiff's Loan." This request is irrelevant to the Motion for the same reasons set forth in response to ¶ 16, *supra*.

- ¶ 18: "The documents in the possession of Chase showing that Chase sent to Plaintiff Lupo a written acknowledgement of his written requests for information." As an initial matter, in March-April 2013, Chase had a duty only to respond to "qualified written requests." As explained in § V.A of the Motion, neither letter that was directed to Chase has a QWR, because neither letter was sent to the separate and exclusive address established by Chase for QWRs. Therefore, Chase had no duty to respond at all to the Plaintiff's requests. Nevertheless, Chase provided the Plaintiff with a highly detailed response to his request. ECF No. 24-6. Chase notes

7

> that the information in ECF No. 24-6, which was addressed to the Plaintiff, calls into question the Plaintiff's good faith basis for making many of the averments in the Complaint.

- ¶ 19: "The manual intervention business processes to reconcile electronic financial information from disparate financial systems and databases." Yet again, the Plaintiff has failed to state how this request relates to creating a genuine dispute as to any material fact. The facts relied upon in the Motion prove that the Plaintiff failed to make his mortgage payments in full and on time, beginning on May 2, 2012. The Plaintiff has not explained how this information (or any of his other requests, for that matter) would create a genuine issue of a material fact.

- ¶ 20: "Plaintiff Lupo would also request the depositions of David Grace in Chase Executive Services and Shannon Moss in Chase Loss Mitigation." As is his wont, the Plaintiff makes no effort to explain what information Mr. Grace or Ms. Moss may have that would create a genuine issue as to any material fact relied upon in the Motion. Moreover, the Plaintiff was a party to each conversation with Mr. Grace or Ms. Moss and is well-equipped to provide his version of any such conversation. However, the conversations he recounts in the Complaint relating to Mr. Grace and Ms. Moss do not create a genuine issue as to any material fact in the Motion. *See* ECF No. 18 at ¶¶ 76-77, 83-86, 93, and 96-99.

The bottom line is that the Plaintiff's Rule 56(d) affidavit does not identify a single area of inquiry that would aid him in establishing the existence of a genuine issue as to any material fact upon which the Motion was based. To the contrary, the affidavit paints a picture of a vexatious litigant who made no effort whatsoever to engage on the merits of the Motion. Not only did he not use information that is within his possession to contest the amount of the required payment that was communicated to him on February 24, 2012, he does not make any effort to identify a single material fact that he disputes. The bottom line is that he seeks a fishing expedition to further extend this meritless lawsuit.

WHEREFORE, for the reasons set forth herein, this Court should deny the Plaintiff's request to go on a fishing expedition (that would be abusive even if discovery were to be permitted) and, for the reasons set forth herein and in the Motion, grant Chase's Motion for Summary Judgment.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully submitted,

SIMCOX AND BARCLAY, LLP

By:     /s/
    John S. Simcox
    Federal Bar No. 02553
    jss@simcoxandbarclay.com


By:     /s/
    Chad King
    Federal Bar No. 16888
    cking@simcoxandbarclay.com
    Simcox and Barclay, LLP
    888 Bestgate Road, Suite 313
    Annapolis, Maryland 21401
    Tel.:   (410) 266-0610
    Fax:   (410) 266-0813
    *Attorneys for Defendant*
    *JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of January, 2015, a copy of Defendant JPMorgan Chase Bank, N.A.'s Reply to Plaintiff's Opposition to Motion for Summary Judgment was served *via* U.S. first class mail, postage prepaid, on the following:

Louis M. Lupo
545 Elmcroft Boulevard, Apt. 10213
Rockville, MD 20850
*Plaintiff, pro se*

and a copy of the foregoing Defendant JPMorgan Chase Bank, N.A.'s Reply to Plaintiff's Opposition to Motion for Summary Judgment was served via this court's electronic filing system on:

Aaron D. Neal, Esq.
McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
*Attorney for Defendant*
*Specialized Loan Servicing, LLC*

                                          /s/
                                      Chad King