IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **Louis M. Lupo** | : |
| Plaintiff | : |
| v. | : Case No.: 8:14-cv-00475-DKC |
| **JPMorgan Chase Bank, N.A.,** *et al.* | : |
| Defendants | : |

## AFFIDAVIT

Daniel Leon, your affiant, being over 18 years of age and competent to testify, deposes and says:

1. I am an employee of Specialized Loan Servicing LLC ("SLS") and I am authorized to make this affidavit on SLS's behalf. The statements made in this affidavit are based on my personal knowledge which arises, in whole or in part, from my review of SLS's electronic business records.

2. SLS was the servicer with respect to a mortgage loan (the "Subject Loan") secured by a deed of trust recorded in the Land Records for Tarrant County, Texas (the "Subject DOT"). A true and accurate copy of the Subject DOT is attached hereto as Exhibit 2.

3. The Subject Loan and Subject DOT relate to the real property located in the Country of Tarrant: Lot 3, in Block 2, Fair Oaks Estates, an addition to the City of North Richland Hills, Tarrant County, Texas, according to the plat thereof

recorded in Volume 388-181, Page 96, of the Plat Records of Tarrant County, Texas (the "Property"), which was formerly owned by Louis Lupo ("Lupo").

4. The servicing rights for the Subject Loan were transferred to SLS on or about June 17, 2013.

5. At the time that the servicing rights for the Subject Loan were transferred to SLS, the Subject Loan was in default and due for the April 1, 2013 payment.

6. Lupo did not bring the Subject Loan current by paying the past due amounts. Lupo made partial payments in the amount of $1,501.58 rather than the proper $2,020.80 per month. SLS is not obligated to accept partial payments.

7. On June 20, 2013, SLS mailed a "Notice of Assignment, Sale, or Transfer of Servicing Rights" to Plaintiff. A true and accurate copy of that Notice is attached hereto as Exhibit 3.

8. On or about July 1, 2013, SLS received two fax transmissions from Lupo. True and accurate copies of those faxes are attached hereto as Exhibit 4.

9. On August 21, 2013, SLS received a fax transmission from Lupo. A true and accurate copy of that fax is attached hereto as Exhibit 5.

10. SLS responded to the August 21, 2013 fax in a letter dated September 6, 2013. A true and accurate copy of that letter is attached hereto as Exhibit 6.

11. Lupo made payments to Chase in June and July 2013 in the amount of $1,501.58 each which were combined to post the April 2013 monthly mortgage payment. This left a balance in the unapplied/suspense account in the amount of $982.36. On July 10, 2013, SLS received a stop payment confirmation for the July 2013 payment that was initially issued to JPMorgan Chase, N.A. As such the April

2013 payment was reversed and the remaining funds were placed into the unapplied/suspense account.

12. Lupo did not attempt to make any payments to SLS after July 2013.

13. SLS is a participant in the federal Home Affordable Modification Program ("HAMP").

14. SLS sent several HAMP solicitations to Lupo, offering him the opportunity to begin a trial modification under the HAMP program. True and accurate copies of SLS's HAMP solicitations are attached hereto as Exhibits 7 & 8.

15. The forms attached as pages 2 through 15 of Exhibits 7 and 8 are the HAMP-mandated loan modification application forms.

16. SLS has no record that Lupo ever submitted any HAMP loan modification forms to SLS for a loan modification review.

17. On July 11, 2013, SLS issued a Notice of Default and Notice of Intent to Accelerate to Lupo advising that he was in default of his mortgage obligations and that the balance of the loan would be accelerated if the default was not fully cured by the time frame provided for in the notice. A true and accurate copy of that notice is attached hereto as Exhibit 9.

18. SLS has maintained a Collection Agency license in the State of Maryland continuously since January 12, 2004 and is licensed to this day. SLS's license number is 3725.

19. SLS has accurately reported the status of the Subject Loan to the credit bureaus throughout the time that SLS has been servicing the Subject Loan. SLS did not make any report to the credit bureaus regarding the Subject Loan in June of 2013.

Since that time, SLS has reported monthly to the credit bureaus that the Subject Loan was in default.

20. Federal Home Loan Mortgage Corporation purchased the Property at foreclosure auction and has since taken possession of the Property by agreed order entered in the County Court for Tarrant County, Texas. A true and accurate copy of the agreed order is attached hereto as Exhibit 10.

21. The information contained in this affidavit is contained in the electronic books and records maintained by SLS, and the records referenced or summarized herein constitute records or data compilations (the "Records") of transactions (the "Transactions") relating to the origination and servicing of the mortgage loan at issue in this Affidavit. The Records were made at or near the indicated time based on information transmitted by, or from a person with knowledge of the Transactions. The Records are kept in the course of SLS's regularly conducted business activity. In the course of my regular job duties I have access to and am familiar with these Records, and I reviewed and relied upon these Records in executing this Affidavit.

I solemnly affirm under the penalties of perjury contents of the foregoing paper are true to the best of my knowledge, information and belief

Specialized Loan Servicing LLC

Date: __OCT 2 9 2015__

Daniel Leon
Second Assistant Vice President,
Default Administration

4

STATE OF COLORADO  )
COUNTY OF DOUGLAS  )

Subscribed and sworn before me in the County of Douglas, State of Colorado this

__OCT 29 2015__ by __Daniel Leon   Second Assistant Vice President__.

_____
Notary Public

My Commission Expires: July 19, 2019

```
JORDAN SCOTT LASSLEY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20114045016
MY COMMISSION EXPIRES 07/19/2019
```

5